### WAGGONER et al. v. EDWARDS et al.
#### No. 4413.

Court of Civil Appeals of Texas. Amarillo.
May 6, 1935.

Rehearing Denied June 3, 1935.

See, also, 68 S.W.(2d) 655.

Seth Barwise, Thompson & Barwise and Hiner & Pannill, all of Fort Worth, and R. C. Gwilliam, of Tulsa, Okl., for appellants.

C. D. Russell, of Plainview, for appellees.

JACKSON, Justice.

The record discloses that appellees, by an amended petition, sought to recover against W. T. Waggoner, E. A. Compton, and A. B. Wharton, Jr., as directors and trustees of the original lessee, the Three D's Products Distributors, Inc., damages which they allege were occasioned by breach of a certain rental contract, a copy of which was attached to and made a part of their petition. They also sued the Marathon Oil Company, Inc., for the breach of said contract, as assignee of said original lessee, a copy of which assignment was attached to and made a part of their petition.

Waggoner, Compton, and Wharton denied personal responsibility, asserted that if any liability existed it was limited to the assets of the Three D's Products Distributors, Inc., a dissolved corporation, that came into their possession as trustees; pleaded the assignment to the Marathon Oil Company, and asked judgment against it for any sum that might be decreed against them as trustees.

The Marathon Oil Company answered by general denial, pleaded that as assignee it assumed none of the obligations of the original lessee; that it paid the rental according to the lease contract so long as it occupied the premises; that on July 27, 1932, it transferred all its right and interest in the leasehold to T. D. Farley, who took possession; that it subsequently asserted no claim thereto and was not liable after such transfer for any rent accruing under the lease contract. A more extended statement, including excerpts from the lease contract and the assignment, will be found in the opinion of this court on a former appeal, sustaining the action of the trial court in overruling the pleas of privilege of these appellants. Waggoner v. Edwards, 68 S.W.(2d) 655.

The case was tried without the intervention of a jury and judgment rendered that appellees recover from the trustees and from the Marathon Oil Company the sum of $5,750.37, together with costs, and that the trustees recover from the Marathon Oil Company any and all sums of money which they might be compelled to pay by virtue of any judgment obtained against them by appellees.

There is no statement of facts in the record. The court filed findings of fact, the substance of which necessary to a disposition of this appeal are: That on May 28, 1930, the appellees, as lessors, entered into a written contract with the Three D's Products Distributors, Inc., as lessee, by the terms of which lessors let to lessee the premises here involved for a period of five years for a consideration of $250 per month, payable in advance. That said lessee occupied the premises and paid the monthly rental until December 4, 1930. That the Three D's Products Distributors, Inc., had been dissolved but had sufficient assets, which passed into the hands of the trustees, to pay all its obligations, including this judgment. That on said last-named date lessee assigned its interest in the premises to the Marathon Oil Company. That said assignee assumed none of the obligations of the lessee, but used and occupied the premises until July 27, 1932. On that date said assignee transferred and assigned its interest in the premises to T. D. Farley, who, on August 1st thereafter, took possession thereof. That T. D. Farley occupied and used the premises under such assignment "until the same was cancelled by the plaintiff thereafter on the 20th day of March, 1933. * * * That during the time the said Marathon Oil Company held possession of said premises, and until the execution and delivery of said assignment, it paid all the rentals accruing under said leasehold. That after its assignment to the said Farley the said Farley did not pay the rents provided in the leasehold to the lessors and that the rents provided for in said lease have not been paid for the month of September, 1932 and the following months. That after said lessor had cancelled out said lease he rented the same and received as rents thereon, including the month of August, 1934, the sum of $1739.99. * * * That the amount due plaintiff as unpaid rents for the entire term, with interest, is the sum of $5750.37. That all the rents which are sued for by the plaintiffs herein accrued subsequent to the execution by the

388

Marathon Oil Company of said assignment and the delivery of possession by said Marathon Oil Company to T. D. Farley."

■ The appellant Marathon Oil Company contends that since it did not assume the obligations imposed on the lessee by the lease contract, and paid the rent so long as it occupied and claimed any interest in the premises under the assignment, which was terminated by its assignment to Farley on December 4, 1930, that appellees have no valid claim against it for rents accruing after such assignment. The law in Texas seems to be settled against this contention. Waggoner v. Edwards, supra, and authorities cited. See, also, Johnson v. Neeley (Tex. Civ. App.) 36 S.W.(2d) 799; Leonard v. Burton (Tex. Civ. App.) 11 S.W.(2d) 668; Thompson on Real Property, pages 514, 515.

■ The appellants all present the proposition that: "Where a lease has been terminated by the lessor by cancelling the same and re-entering and taking possession of the premises, the landlord is not entitled to recover from the original lessee, nor any of its assignees, rents accruing after the termination of the contract of leasing or renting by cancellation of the lease."

The court found that the appellees canceled the contract on March 20, 1933, and let the premises to other parties for which they received rent. The judgment included rentals from that date to the expiration of the lease on April 29, 1935, at the rate of $125 per month, which was the difference between the price received by appellees on reletting the premises and the price they would have received under the original lease. The lease contract has no provision protecting the lessor if he re-enters and takes possession of the premises, and there is no finding of the trial court that would furnish such protection. This proposition is sustained. Walling v. Christie & Hobby, Inc., et al. (Tex. Civ. App.) 54 S.W.(2d) 186, and authorities cited; Goodman v. Republic Inv. Co. (Tex. Civ. App.) 215 S. W. 466; 27 Tex. Jur., p. 89, § 31.

■ The finding of the court that appellees canceled the contract if challenged would not avail in this court since there is no statement of facts in the record.

"Inasmuch as there is no statement of facts in the record but the trial court filed findings of fact and conclusions of law, we are not authorized to presume the existence of any facts not found in support of the judgment. Kimball et al. v. Houston Oil Company of Texas et al., 100 Tex. 336, 99 S. W. 852; City Nat. Bank of Corpus Christi v. Pope (Tex. Civ. App.) 260 S. W. 903." Hall v. Shirk (Tex. Civ. App.) 35 S.W.(2d) 191, 193.

Certainly we could not assume the existence of any fact which would contradict the finding of the trial court in order to support the judgment.

The judgment is reversed and the cause remanded.