## MARATHON OIL CO. et al. v. EDWARDS et al.

### No. 4618.

Court of Civil Appeals of Texas. Amarillo.

June 1, 1936.

Rehearing Denied Sept. 7, 1936.

R. C. Gwilliam, of Tulsa, Okl., and Hiner & Pannill, of Fort Worth, for appellant Marathan Oil Co.

Thompson & Barwise, of Fort Worth, and Meade F. Griffin, of Plainview, for appellants A. B. Wharton, Jr., and E. A. Compton, trustees.

Williams & Day, of Plainview, for appellees.

HALL, Chief Justice.

This case has been appealed twice before. The opinion on the first appeal is reported in Waggoner v. Edwards (Tex.Civ.App.) 68 S.W.(2d) 655, and on the second appeal in Waggoner v. Edwards (Tex.Civ. App.) 83 S.W.(2d) 386. We refer to such reports for a more complete statement of the issues in the case, and will state only such additional facts which are necessary.

The appellants assert that Edwards and his wife sought to recover of E. A. Compton and A. B. Wharton, Jr., as former directors and trustees of the Three D's Products Distributors, Inc., a dissolved corporation, the sum of $6,270, with interest, alleged to be due as rentals under a certain lease dated May 28, 1930, and executed by Three D's Products Distributors, Inc., and J. Arthur Edwards, one of the plaintiffs. This statement is not correct. The plaintiff did not seek to recover rental due under the contract. The action was for damages for breach of the lease. It is so described in the second opinion, by Judge Jackson, 83 S.W.(2d) 386, in which a writ of error was refused.

Plaintiffs had the right to decline to meddle with the property, to take possession, or to lease it to other parties and

wait until the end of the term stated in the lease and then sue for rent, but they were not driven to that course. The law did not require them to run the risk of damages to the property, and the insolvency of the tenants, but they had the right, as is asserted in this case, after the breach of the contract and abandonment of the premises by defendants, to sue for compensation for the injury sustained, and the proper measure of their damages is the difference between the contract price for the whole period and such sum or sums as they may have received by way of rentals from third parties, after the use of due diligence to obtain tenants. Massie et al. v. State Nat'l Bank of Vernon, 11 Tex. Civ.App. 280, 32 S.W. 797.

Appellants have briefed the case upon a mistaken theory that this is a suit to recover rent, instead of one for damages for breach of a written lease. For this reason, their brief is of very little assistance to the court in disposing of the contentions urged upon this appeal.

No question is made upon the sufficiency of the pleadings.

The case was tried to the court, without a jury, and the substance of the court's findings is:

1: On May 28, 1930, Edwards leased to Three D's Products Distributors, Inc., lot 1, block 73, of the town of Olton, together with the gasoline station thereon, and also the "bulk plant" located near said lot, together with most of the equipment used in connection with the business, for the sum of $250 per month, payable monthly in advance. That the lessee took charge of the premises, used the same until December 12, 1930, paying the monthly rentals during such occupancy.

2. On December 12, 1930, the Three D's Products Distributors, Inc., assigned said lease to Marathon Oil Company for the remainder of the term mentioned in the lease. That the assignee took possession of the premises, occupied the same until it made an assignment of said lease to T. D. Farley in July, 1932, and paid the rentals during the time it used the property and up to September 1, 1932.

3. On July 27, 1932, the Marathon Oil Company assigned the lease to Farley, who went into possession and occupied the premises until September 22, 1932, on which date he assigned the lease to T. O. McCallon and T. S. Stevenson. Farley paid no rent to any one while he occupied it.

4. McCallon and Stevenson occupied it until March 1, 1933, and paid no rent, and had no intention of paying any, but intended to use and occupy the premises without paying therefor, except such amount as they were to pay Farley for the assignment. That they voluntarily vacated the premises on or about March 1, 1933.

5. That on said last-named date plaintiffs notified defendants that plaintiffs had an opportunity to relet the premises, asked defendants as to their wishes in the matter, and at the same time notified defendants that plaintiffs would hold them for the difference in the amount of rentals received and the amount stipulated in the lease. That plaintiffs relet the premises for the best rental obtainable from time to time, and received the sum of $2,055 therefor.

6. That in July, 1933, plaintiff conveyed to the state, for highway purposes, a strip off the north side of lot 1, about five feet wide at the east end and two feet wide at the west end, for the purpose of widening state highway No. 28, and in July, 1934, a gasoline pump, which constituted a part of the property and was situated on said strip of land, was also removed; otherwise the premises and occupancy thereof was in no way disturbed. That the removal of the pump did not lessen the rental value of the property, there being other pumps on the premises.

In accordance with the court's findings, judgment was rendered in favor of J. Arthur Edwards and Effie Edwards against A. B. Wharton, Jr., and E. A. Compton, as former directors and trustees of the defunct corporation, Three D's Products Distributors, Inc., and the defendant, Marathon Oil Company, for the sum of $6,270, with interest from the date of the judgment at 6 per cent., and all costs of suit; and further rendered judgment over in favor of Wharton and Compton, as trustees, against the Marathon Oil Company, for whatever amount said trustees were compelled to pay.

From said judgment this appeal is prosecuted.

The rent lease recites: "This lease, entered into this the 28th day of May, 1930, by and between the Three D's Products

Distributors, Inc., (hereinafter for convenience called Lessor), and J. Arthur Edwards, (hereinafter for convenience called Lessee). * * * " It is signed: "Three D's Products Distributors, Inc., By A. B. Wharton, Jr., President, Lessee. J. Arthur Edwards, Lessor."

A considerable part of appellants' brief is directed to this condition of the lease. During the trial Edwards filed a trial amendment, setting up the fact that through a mistake of the scrivener, Edwards was described as "lessee," when in fact he was the owner of the land and was the "lessor," while the other party is described as the "lessor" when in fact said party was the "lessee."

The contention made is that the court erred in not sustaining its demurrer to the trial amendment upon the ground that said amendment was an effort to reform the lease, and the action to reform was barred by the statute of limitations. No error is shown here. It was not necessary to reform the lease. We think the contention is frivolous.

■ The cardinal rule for the construction of contracts is to ascertain the intention of the parties. In doing this, it is the duty of the court to look to the practical construction of the contract made by the parties, the nature and object of the agreement, and the situation of the parties, and, above all, to give the contract a reasonable interpretation according to the intention of the parties at the time it was executed. Where the language of a contract is doubtful, the court should adopt that construction which makes it fair, customary, and reasonable. If one construction would make it unreasonable, while another would do justice to both parties, the latter will be adopted.

■ In the light of these rules, it is clear that there has been a clerical error, occasioned by the carelessness of the draftsman, or else for want of knowledge of the proper names with which to designate the parties to the contract.

As said in Beckham et al. v. Scott (Tex. Civ.App.) 142 S.W. 80, 83: "A contract must be read in accordance with the intentions and understanding of the parties, notwithstanding clerical errors and omissions; and a party will be held to that meaning which he knew the other party to the contract understood the contract to mean."

Both parties, of course, knew that Edwards was the owner of the property, and could be nothing else but "lessor," that the Three D's Products Distributors, Inc., was leasing the property at so much per month, and must, as a matter of law, be designated as "lessee." The context and subject matter of the contract show the clerical error.

As said in 10 Tex.Jur., 307, § 174: "The actual intent of the parties will prevail over the dry words, inapt expressions, and careless recitations in the contract, unless that intention is directly contrary to the plain sense of the binding words of the agreement, and the contract must be read in accordance with the parties' intention and understanding, notwithstanding clerical errors and omissions."

The statute of limitations does not apply to the trial amendment. Under Vernon's Texas Civil Statutes (Centennial Edition), article 5539b, this amendment was proper. Said article provides: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts 'or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require. (Acts 1931, 42nd Leg., p. 194, ch. 115, § 1.)"

While the evidence is conflicting, we think it is sufficient to support the court's finding that Stevenson voluntarily abandoned the premises.

The liability of the Marathon Oil Company was fully discussed and decided against appellants' contention in the opinion rendered on the first appeal of this case. Waggoner v. Edwards (Tex.Civ. App.) 68 S.W.(2d) 655, 657, 600, 601.

The last two propositions have no sufficient statement to entitle them to consideration. The remaining propositions are without merit.

We find no reversible error, and the judgment is affirmed.