**EMPLOYMENT ADVISORS, INC.,**
·Appellant,

v.

**W. P. SPARKS, Jr., Appellee.**

No. 4080.

Court of Civil Appeals of Texas.
Waco.

Jan. 24, 1963.

Rehearing Denied Feb. 14, 1963.

William R. Pakis, Waco, for appellant.

David G. Copeland, Waco, for appellee.

McDONALD, Chief Justice.

This is a suit by a landlord against a tenant for breach of a written lease contract to rent certain premises. A 3 year lease for the period *1 June 1960 through 31 May 1963* was entered into between Employment Advisors, Inc. as Lessee, and Sparks as Lessor. Such lease provided for a total rental of $3240. for the 36 months term, payable at the rate of $90., in advance, each month. Employment Advisors, Inc. paid their rent at the rate of $90. per month for 11 months, and then vacated the premises on *1 May 1961*, and have paid no further rent.

Plaintiff lessor sued for breach of the lease agreement, seeking as damages the unpaid portion of the rental, plus attorneys' fees.

Defendant plead (among other things) that plaintiff failed to remodel the premises according to agreed plans and specifications.

Trial was to a jury which found:

1) Plaintiff had received from the property, after 1 May 1961 to the date of trial, after use of due diligence, $240.

2) Plaintiff will receive *0* for use of the property, after use of due diligence, from date of trial to 1 June 1963.

3) Plaintiff did not fail to remodel the premises in accordance with agreed plans and specifications.

The Trial Court rendered judgment stating that it made all other necessary findings and facts to substantiate its judgment, and awarded plaintiff's judgment against defendant for $2010, (the unpaid amount due under the lease less the amount of $240. received from the property after 1 May, 1961), plus $201. attorneys' fees.

Defendant appeals, contending:

1) Plaintiff failed to prove any damages resulting from breach of the lease agreement.

2) There were no jury findings of damages suffered by plaintiff.

3) There was no evidence or insufficient evidence to support the findings of the jury.

4) Defendant was entitled to an instructed verdict or judgment non obstante veredicto.

5) It was error to submit Issue 2, or to award damages for rents beyond the date of the trial.

6) There was no evidence, or insufficient evidence, to sustain Issue 2.

7) 8) 9) It is undisputed that plaintiff failed to remodel in accordance with agreed plans and specifications; and that the adjoining premises were rented to a tenant who created offensive noises which justified defendant's vacation of the premises; to plaintiff's damage of $630.

■ Defendant's Points 1 through 6 involve the proper measure of damages under the factual situation presented, as well as the evidence to support such damages. The record is without dispute that plaintiff leased the premises to defendant for 36 months for $90. per month; that defendant moved out after 11 months and made no further rental payments. We are thus confronted with both a breach of contract by defendant as to the rental payments past due at the time of suit, and anticipatory breach of contract as to payments not yet due. Where there is an anticipatory breach of contract, the party not in default may treat the other party's repudiation of the agreement as a wrongful termination of the contract, and at once institute an action for damages as for a breach. The damages recoverable are those that would have been recoverable if the party guilty of the anticipatory breach had waited until the appointed time for performance before breaching the agreement, and they are subject, of course, to the usual rules concerning mitigation of damages. Furthermore, they may be recovered as of the date on which the defaulting party's repudiation of the contract is accepted. 13 Tex.Jur.2d p. 574; Greenwall Theatrical Circuit v. Markowitz, 97 Tex. 479, 79 S.W. 1069; Pollack v. Pollack, Tex.Civ.App., 23 S.W.2d 890, Tex. Com.App., 39 S.W.2d 853; Marathon Oil Co. v. Rone, Tex.Civ.App., Er.Ref., 83 S.W. 2d 1028; Marathon Oil Co. v. Edwards, Tex.Civ.App., Er.Dism., 96 S.W.2d 551; Stewart v. Kuskin & Rotberg Inc., Tex.Civ. App., (n.w.h.) 106 S.W.2d 1074; Stewart v. Basey, Tex.Civ.App., 241 S.W.2d 353, Affmd. 150 Tex. 666; 245 S.W.2d 484. In the Edwards case, supra, the Court held:

"* * * they (plaintiffs) had the right, * * * after the breach of the contract and abandonment of the premises by defendants, to sue for compensation for the injury sustained, and the proper measure of their damages is the difference between the contract price for the whole period and such sum or sums as they may have received by way of rentals from third parties, after the use of due diligence to obtain tenants."

Moreover, the burden is on the party occasioning the loss to show that the other party could have mitigated the loss. Polis v. Alford, Tex.Civ.App., Er.Ref., 273 S.W.2d 79. In the Polis case the court held:

"The burden of proving that losses could have been avoided by reasonable effort must always be borne by the party who has broken the contract."

The record before us reflects that plaintiff did rent the premises for a short time after breach of the contract by defendant and received some $240. in rent therefor. Credit for this amount was given to defendant in mitigation of plaintiff's damages by reason of defendant's breach of contract.

■ Under the record before us, we think the proper measure of damages was applied; that there is ample evidence to support the judgment awarding damages to plaintiff. Points 1 through 6 are overruled.

■ Defendant's Points 7 through 9 complain that plaintiff failed to remodel in accordance with agreed plans and specifications, for which reason defendants were justified in vacating the premises. Defendant contended and put on evidence that

plaintiff had failed to remodel according to plans and specifications which called for the offices to be sound proofed; that because the offices were not sound proofed, noises created by an adjacent tenant rendered the premises untenable to defendant and justified its removal from the premises. While the evidence on this conflicted, we think that the jury's finding on Issue 3 is supported by ample evidence. Points 7 through 9 are overruled.

The judgment of the Trial Court is affirmed.